## SUMNER and another *against* CHILD.

*New-Haven,*
November,
1818.

THIS was an action of ejectment for certain lands in *Woodstock,* in the county of *Windham.* The cause was tried at *Windham, September* term, 1818, before *Swift,* Ch. J. and *Edmond* and *Peters,* Js.

On the trial, the plaintiffs claimed title to the lands demanded, under a sale, by order of the court of probate for *Pomfret* district, within which they lay, in payment of debts due from *William Dudley,* late of *Roxbury* in *Massachusetts,* deceased. *William Dudley* died, seised of the lands in question, at *Roxbury,* in 1786 ; administration on his estate was granted in *Pomfret* district, in 1814 ; the lands were there inventoried as part of his estate, in 1815 ; and were sold, by order of that court, in 1817. The plaintiffs produced no record or written evidence of the title of *William Dudley* to the demanded premises ; but they proved, that he was in possession from the death of his father, *Thomas Dudley,* in 1769, until his own death, in 1786, taking the rents and profits, and holding adversely to all others.

The defendant, to shew that the lands did not belong to *William Dudley,* offered in evidence the letter of administration, granted on his estate, in *Massachusetts,* soon after his death, in 1786, with the inventory and settlement of his estate, as an insolvent estate ; in which inventory these lands were not included. To the admission of this evidence, the plaintiffs objected ; but the court admitted it.

The defendant claimed title under the levy of an execution, in the year 1814, in favour of *Isaac Jacques,* against *Joseph Dudley,* the son of *William,* who took possession, by his guardian, on his father's death. The defendant produced no record, or written evidence, of the title of *Joseph Dudley ;* but claimed, that from the length of time, and various accompanying circumstances, which he had proved, the jury were warranted to presume and find a grant to the defendant, or those under whom he claimed. The court stated to the jury, that a man, by fifteen years adverse possession, could acquire a title to land ; and that from great length of time, with circumstances to render it probable, they might, to quiet men's possessions, presume and find a grant ; and then instructed them, that if they should find, that *William Dudley*

The inventory of an intestate estate, part of the record of a court of probate in *Massachusetts,* is not evidence to shew, that lands in *Connecticut,* not comprised in such inventory, did not belong to the intestate.

A grant of lands, conferring an entire title, cannot be presumed from possession and length of time alone.

What circumstances furnish a presumption of a grant, is a question of *law.*

had been in the adverse possession of the premises, for fifteen years, and that the defendant had not proved such facts as would warrant them to presume and find a grant to those under whom he claimed, they must find for the plaintiffs ; but if they should find, that *William Dudley* had not had fifteen years adverse possession of the premises, or if they should find a grant thereof to those under whom the defendant claimed, they must find for him.

The jury returned a verdict for the defendant ; and the plaintiffs moved for a new trial, on the ground of a misdirection, and of the admission of improper evidence. This motion was reserved in the usual manner.

*Goddard* and *Cleaveland*, in support of the motion, contended, 1. That the record of the court of probate in *Massachusetts*, was improperly admitted, to shew, that the lands in question did not belong to *William Dudley*. To give any relevancy to this evidence, it must be established, that an administrator, appointed by a court of probate in one state, is bound to inventory lands lying in another state ; else how can his omission to inventory them, form even the slightest presumption, that they did not belong to his intestate ? The reverse of this is well settled. *Goodwin* v. *Jones*, 3 *Mass. Rep.* 514. *Riley* v. *Riley*, 3 *Day* 74. *Champlin* v. *Tilley*, 3 *Day* 303. The subject-matter is strictly *local ;* and a foreign jurisdiction can exercise no controul over it.

2. That the charge was wrong, in as much as it authorized the jury to presume an entire title to land, from length of time, without an adverse possession. Where the subject is within the statute of limitations, and there has been no adverse possession pursuant to that statute, the authorities have never gone farther than to presume a grant to complete an imperfect title. *Eaton* v. *Sanford*, 2 *Day*, 523. *Beach* v. *Catlin*, 4 *Day*, 284. 294. *Keene* d. Lord *Byron & al.* v. *Deardon & al.* 8 *East*, 248. 262. *& seq.* *Jackson* d. *M'Donald* v. *M'Call*, 10 *Johns. Rep.* 377. 380. 3 *Term Rep.* 158. 12 *Ves.* jun. 251.

3. That if there were other circumstances, in connexion with length of time, proper to go to the jury in aid of the presumption claimed, it was the duty of the court to state them to the jury, and to instruct the jury as to their legal effect. What circumstances will justify, or aid, the pre-

sumption of a grant, is matter of *law*. *Stoever* v. Lessee of *Whitman*, 6 *Binn.* 416. See also the charge of *Chambre*, J. in *Campbell* v. *Wilson*, 3 *East*, 297.

*Sherman* and *T. S. Williams*, contra, contended, 1. That the probate record from *Massachusetts* was properly admitted, on the ground of the compact formed by the four *New-England* colonies in 1648, which provided, that on the death of any known planter or settled inhabitant, intestate, administration should be granted, by the colony to which the deceased belonged, though he died in another colony, and that the administration being duly certified, should be of force for the gathering in the estate in the rest of the colonies. 2 *Haz. Hist.Coll.* 124. 3 *Mass. Rep.* 515. 3 *Day*, 79. By virtue of this compact, an administrator in one colony, was authorized " to gather in"—*i. e.* inventory, and return to the court of probate —" the estate" of his intestate " in the rest of the colonies." The word " estate," is appropriate to express *land*. This compact does not stand on the footing of an ordinary statute, repealable at the pleasure of the legislature ; but was binding upon the parties to it, until one of them, in 1807, refused to give it further effect. If, then, it was the duty of the administrator to inventory all the estate of his intestate, whether in *Massachusetts*, or in *Connecticut*, and the inventory returned by him, and accepted by the court, omitted the estate in question, it afforded a fair presumption, proper for the consideration of the jury, that such estate did not belong to his intestate. Besides, the probate record was admissible for another purpose, *viz.* to prove the death of *William Dudley*.

2. That a grant of lands may be presumed, in cases not within the statute of limitations, from possession and length of time only. *Bedle* v. *Beard & al.* 12 *Co.* 5. Mayor of *Kingston-upon-Hull* v. *Horner*, *Cowp.* 102. 109. *Roe* d. *Johnson & al.* v. *Ireland*, 11 *East*, 280. 284. *Goodtitle* d. *Parker* v. *Baldwin*, 11 *East*, 488. *Jackson* d. *M‘Donald* v. *M‘Call*, 10 *Johns. Rep.* 377. 380. *Jackson* d. *Gansevoort & al.* v. *Lunn*, 3 *Johns. Ca.* 109. 117. *Bunce* v. *Wolcott*, 2 *Conn. Rep.* 27. *Phill. Evid.* 119. 2 *Wms. Saund.* 175. n. 2. The principle on which these decisions are founded, is that of *quieting possession;* a principle of peculiar importance in this country. *Cowp.* 215. Nor is the doctrine confined, in its application, to incorporeal hereditaments. *Phill. Evid.*

*Sumner*
*v.*
*Child.*

124. n. (*a*), by *Dunlap.* It is obviously as important, that a man should be quieted in the possession of a farm, as of an easement.

3. That it was the peculiar province of the jury, to judge of the circumstances accompanying the possession. Those circumstances are now to be considered as having been properly before the court, as no exception was taken to their relevancy. The court, then, left it to the jury to consider their *weight.* This is the course which has been uniformly adopted, in all the analogous cases. *Archer* v. *Saddler,* 2 *Hen. & Munf.* 370. 377. Besides, if possession and length of time alone, were sufficient to justify the presumption of a grant, the court, by instructing the jury, that the same possession and length of time, *with other circumstances*, were sufficient, neither helped the defendant's claim, nor prejudiced that of the plaintiffs. That part of the charge, therefore, affords no ground for granting a new trial.

SWIFT, Ch. J. In this case, it appeared, that the defendant, and those under whom he claimed, had been in possession of the demanded premises, more than twenty-eight years; and the court instructed the jury, that from great length of time, and accompanying circumstances, they were authorized to presume a grant; and the question is, whether this direction was correct.

It has been insisted on, by the counsel for the plaintiffs, that an entire grant cannot be presumed. As this doctrine was never before heard of, it is proper to examine whether there can be any foundation for it. It appears, from unquestionable authority, to be a general rule, that grants, letters patent, a common recovery, and by-laws, may be presumed. It is no where said, that an entire grant cannot be presumed; or that nothing but what aids or confirms a defective, or imperfect grant, can be presumed. The proposition, that grants may be presumed, is laid down in the most unqualified terms; and it may, with as much propriety, be said, that an entire deed cannot be *proved*, as that it cannot be *presumed*. Judge *Buller* says, in 3 *Term Rep.* 158. " For the last two hundred years, it has been considered as clear law, that grants, letters patent, and records, may be presumed from length of time." A jury may find a recovery on presump-

*New-Haven,*
November,
1818.

Sumner
*v.*
Child.

tion. Lord *Mansfield* says, a by-law may be supported by usage, without any proof of the existence, or loss of it. *Cowp.* 110. Lord *Kenyon* once said, that he would presume, not only one, but a hundred grants, to support a long enjoyment. 11 *East*, 284. This language does not look much like favouring the doctrine, that nothing but part of a grant can be presumed, or some circumstance to aid a defective grant. On the examination of particular cases, they will be found to be numerous, to prove, that entire grants may be presumed; and there are few of any other description.

It has also been argued, with much confidence, that grants can be presumed of *incorporeal rights* only : but there is not the slightest foundation for this opinion. It is a clear principle, that grants can be presumed of every kind of property. The rules are laid down, in the most unqualified manner, without any restriction or limitation ; and are equally applicable to real and personal property, to corporeal and incorporeal rights : nor can there be the least reason for such a distinction. Why not presume a grant of a corporeal, as well as of an incorporeal, hereditament? Indeed, the truth is, that every species of title can be presumed. If the law requires it to be by deed or record, these can be presumed, as well as a title by parol. A title to a personal chattel may be presumed. Suppose one should purchase a horse, without any witness to the bargain, and should use him as his own, for a number of years, with the knowledge, and in the neighbourhood, of the vendor, without any claim on his part ; and then, the vendor should bring an action for the horse ; though the purchaser could adduce no manner of proof of the sale, yet from such possession, under such circumstances, a jury would not hesitate to presume a sale of the horse. But to remove any doubt on this point, we need only to refer to the case of *Goodtitle* d. *Parker* v. *Baldwin*, 11 *East*, 488. That was an action of ejectment, to recover a freehold estate ; and the court held, that it would have been competent for the jury to presume a grant against the crown, from fifty-five years possession, had there not been a statute prohibiting such alienation. Here, it was determined, that an entire grant might be presumed of lands, from mere length of time, where there was no statute of limitation.

It is further insisted on, that the court ought to have stated the length of time, and the circumstances of presumption, as matter of law, to the jury, and not to have submitted them as matters of evidence. How can a court state that as matter of law, to the jury, which is really matter of evidence? Though we commonly say, that the jury presume a grant, yet, in truth, they *find* the grant, on presumptive evidence, in the same manner as they find any other fact, on the evidence. They do not presume a grant, as matter of law, without weighing the evidence. The length of time, and accompanying circumstances, are the evidence on which they may, or may not, find a grant, charter, record or deed, according as they judge them sufficient, or not. Let the evidence be ever so clear, the court cannot tell the jury as matter of law, that they must find the verdict one way, or the other. It is the province of the jury, to decide whether they will believe it, or not ; and, of course, it must be left to them : and it may as well be said, in an action of assault and battery, that it is the duty of the court to state to the jury, all the evidence in the case as matter of law, as it would be, in the case in question, to state to them the length of time, and accompanying circumstances, as matter of law.

But I do not rely on reasoning only. On examining the *English* authorities, there will not be found a *dictum* to countenance the opinion I am opposing. In the case of the Mayor of *Kingston-upon-Hull* v. *Horner, Cowp.* 102, 3. Mr. Justice *Gould*, in his charge to the jury, submitted to them, whether they could not consider the usage, from the year 1441, to the time of bringing the action, a sufficient ground to presume a grant of the duties. This was not stated to them, as matter of law, with a direction how they should find the verdict, but as matter of evidence, on which they were to find, as they thought proper. The direction was not only approved of, by the court of King's Bench, but Lord *Mansfield* clearly lays down the principle, that presumption is matter of evidence to be left to the jury. In *Powell* v. *Milbanke*, cited in a note, *Cowp.* 103. Lord *Mansfield* left to the jury, whether, from two adverse nominations, and possessions under them, they would not presume a grant from the crown, of a right of presentation to the curacy in question. In the case of *Roe* d. *Johnson & al.* v. *Ireland*, 11 *East*, 280. the

New-Haven,
November,
1818.

Sumner
v.
Child.

court of King's Bench granted a new trial, because the judge told the jury, that, considering all the circumstances, he saw no ground to presume the enfranchisement of certain copyhold lands by the crown; for they said, he ought to have submitted the circumstances to them, to consider whether they would not presume a grant against the crown. In the case of *Goodtitle* d. *Parker* v. *Baldwin*, 11 *East*, 488. a very recent case, the judge, in his direction to the jury, told them, that they could not presume a grant against the crown; but the court of King's Bench granted a new trial, on the ground that the matter ought to have been left to the jury, who might have presumed a grant against the crown, unless there was a provision in a certain statute, to preclude it. In sundry cases cited in 2 *Wms. Saund.* 175. this doctrine is laid down, and it is denied, that length of time can be a positive, though it may be a presumptive, bar. In the case of *Holcroft* v. *Heel*, 1 *Bos. & Pull.* 400. Chief Justice *Eyre* held a possession for twenty-three years, without interruption, not as evidence to a jury from whence they might presume a grant, but as a complete answer, or bar, to an action for disturbing a market, by erecting another. This, however, is opposed to the whole current of authorities in *England*. But admitting it to be correct, that in cases where there has been a possession for more than twenty years, of an easement, and where there is no circumstance to rebut the presumption, the judge might tell the jury it amounted to a positive bar; yet, I apprehend, the question might have been left to the jury, with perfect propriety, and does not, at any rate, operate against the general rule, adopted in the other cases mentioned, when such specific circumstances could not have been stated to the jury; for then they could not be matter of law, but must be left as matter of evidence. The cases, however, in *East*, are of a later date, and higher authority. In these cases, there seems to have been no contest respecting the facts and circumstances; and yet, the court left them to the jury, to consider whether they could presume a grant. If, then, the court had assumed the prerogative, insisted on by the plaintiffs, it would have been a flagrant usurpation upon the rights and powers of juries.

Perhaps it may be said, that the court should have stated to the jury, the circumstances from which they would

*New-Haven,*
November,
1818.

Sumner
*v.*
Child.

advise them to presume a grant. But it appears from the motion, this was done. It is true, these circumstances are not detailed in the motion; nor was it necessary: for the court are bound only to state the facts on which the questions of law arise, and not the evidence submitted to the jury: the court decide on the *relevancy*, and the jury on the *weight*, of the testimony. If irrelevant testimony is offered, the party, on objecting to it, can take the opinion of the court, and make it a part of the motion: but when proper testimony is admitted, the court are bound to submit it to the jury; and the party cannot move for a new trial, on the ground of the insufficiency of the evidence, and require the court to state all the testimony, for the purpose of a revision in this Court. If this doctrine be admitted, in this case, it may be extended to every other case; and the party moving for a new trial, may require all the testimony to be stated, to determine whether it was sufficient. Such an idea cannot be admitted for a moment. The evidence, then, was properly submitted to the jury; and this Court cannot, in any shape, revise the question, whether the verdict was founded on sufficient testimony.

Again, it has been insisted on, by the counsel for the plaintiffs, that where the legislature has not prescribed length of time, as a bar to a right, courts of law cannot interpose to create such bar. But the reverse of this proposition is true. It is, peculiarly, in cases where there is no statute of limitation, that the doctrine of presumption comes into operation. Lord *Mansfield* says, there are many cases not within the statute, where, from a principle of quieting possession, the court have thought the jury should presume any thing, to support a length of possession. Whenever there is a statute of limitation, it is conclusive upon the jury, as a bar. Though the jury might have been satisfied, that the plaintiff had a good title, or that the debt had never been paid; yet, if the time prescribed by the statute has run, they are bound to find a verdict for the defendant; for there, time operates as a conclusive bar. *Cowp.* 108.

So, in the case of a prescription, which is founded in immemorial usage or possession, the jury will be concluded by length of time, if there could have been a legal commencement of the right; but this may be rebutted, by any written

evidence, which proves a different right from the one claimed by prescription ; for where there is any written evidence, it will rebut any parol evidence to the contrary. *Cowp.* 109.

Where there is a statute of limitation, mere length of time, short of the period prescribed by the statute, can never warrant a presumption : for this would be to presume against the statute. *Cowp.* 114. Nor will a presumption of a grant be admitted, where it is against law. 11 *East,* 488. Nor where trustees would be guilty of a breach of trust. But though there is a statute, there may be circumstances, which, together with length of time, may warrant the presumption of a grant ; especially, where great length of time is allowed by the statute. And it is in such cases only, where circumstances are absolutely necessary to aid presumption from length of time ; though they are sometimes called in aid, where mere length of time would constitute a presumptive bar.

Where statutes of limitation have been made, in respect of real rights, whether coporeal, or incorporeal, courts have always extended them to analogous cases ; and have thus introduced important improvements into our jurisprudence ; for statutes of limitation, are very properly called statutes of repose. In *England,* they have statutes limiting the time in which actions can be brought to recover corporeal hereditaments. The writ of right, is limited to sixty years. By statute 21 *Jac.* 1. *c.* 16. it is enacted, that no entry shall be made, by any man, on lands, unless within twenty years after his right shall accrue. This has been extended, by courts, to writs of ejectment ; so that twenty years, is a bar to that action.

In the case of incorporeal hereditaments and mortgages, there is no limitation ; yet the courts, on analogous principles, have extended the statute of *James,* to these cases, and twenty years is a presumptive bar.

In this state, the right of entry into lands, is limited to fifteen years after the title accrued ; and by construction, the statute has been extended to bar all real actions, unless brought within that period. We have no statute of limitation, respecting incorporeal rights, or mortgages ; and our courts have, by analogy, extended the same limitation to all cases of this description. And on the same ground, it must be extended to all similar cases. The case of mortgages,

New-Haven,
November,
1818.

Sumner
v.
Child.

precisely resembles the one under consideration. The mortgagor has no right of entry on the land, and can maintain no suit at law. By an application in chancery, he can redeem. Fifteen years possession, by the mortgagee, has been deemed a bar to the mortgagor, though the possession of the mortgagee is not adverse, and the mortgagor can, at any time, sell his equity of redemption. So here, though the creditors, as such, could not have made an entry on the land, or brought suits to recover ; yet, by a proper proceeding, before the court of probate, the land could have been sold for the payment of their debts. There is, then, the same reason why they should be barred, by fifteen years possession, as in the case of mortgages.

In regard to the nature of presumptions, or that proof of a presumptive nature, which will warrant a jury to find a grant, it may be remarked, that presumptions arise from circumstances. When no positive proof can be had, then certain facts, or circumstances, may be shewn, from whence the fact intended to be proved, may be inferred. Lord *Mansfield* says, " All evidence is according to the subject matter to which it is applied." *Cowp.* 108. " If a foundation can be laid, that a record, or deed, existed, and was afterwards lost, it may be supplied, by the next best evidence to be had ; or if it cannot be shewn that it ever existed, yet, enjoyment under a title, which can only be by record, is strong evidence to be left to a jury, that it did once exist. I do not know an instance in which proof may not be supplied." *Id.* 109. " I have myself taken it to be established, in point of law, that though the record be not produced, nor any proof adduced of its being lost, yet, under circumstances, it may be left to the consideration of the jury, or a court of equity, if the case comes properly before them, whether there is not sufficient ground to presume a charter." *Id.* 110. There may be a length of possession, uninterrupted by any opposing claims, and without any circumstances to rebut the presumption, which will warrant a jury to find a deed, charter, or even a record. For it cannot be supposed, that the proprietor of a right, would permit another, for any great length of time, to continue in the enjoyment of it, in the same manner as if it was his own. Such acquiescence, then, without asserting, or interposing, any claim, must be deemed satisfactory evidence, that he had parted with his right. But

in cases of this kind, circumstances will often occur, which very much strengthen the presumption arising from long possession. It will be proper to take these into consideration, though not necessary to warrant the presumption of a grant. But in all cases, presumption may be rebutted, by proof of facts, which shew, that the grant, intended to be presumed, did not exist; or which account for the long possession, without supposing a grant.

In regard to the length of time, necessary to warrant the presumption of a grant; Lord *Mansfield* says, there is no positive rule, which says one hundred and fifty years possession, or any other length of time within memory, is a sufficient ground to presume a charter. It has been several times done, where there was great length of time. In the case of the Mayor of *Kingston-upon-Hull* v. *Horner, Cowp.* 103. there was a period of three hundred and fifty years. In *Powell* v. *Milbanke,* cited *Cowp.* 103. there was one of about eighty years; and Lord *Mansfield* mentions a case of one hundred years. *Cowp.* 110. Where the length of time is so great, every body acquiesces in the decision; but the doubts arise where the time is shorter. But in *England,* the judges do not hesitate on this ground. In the case of *Doe* d. *Fisher & al.* v. *Prosser, Cowp.* 217. it was holden, that thirty-six years sole and uninterrupted possession, by one tenant in common, without account to, or demand made, or claim set up, by his co-tenant, was sufficient ground for a jury to presume an actual ouster. In that case, if the parties had not been tenants in common, twenty years would have been sufficient to have barred the action of ejectment; but as the possession of one tenant in common, is the possession of all, no length of time could be a bar, without an actual ouster: and here the court, where a freehold estate in a corporeal hereditament was concerned, left it to the jury to presume an actual ouster, from the mere possession of thirty-six years, without account. It is perfectly evident, in this case, that the court might, with equal propriety, have submitted to the jury, whether they would not have presumed a conveyance. *Ashhurst,* J. in remarking on the case, observes—" after so long an acquiescence, I think the jury were well warranted to presume any thing in support of the defendant's title; and they might presume either an actual ouster, or a conveyance." If thirty-six years, is a sufficient length of time to presume an

*Sumner*
*v.*
*Child.*

actual ouster of a tenant in common, or a conveyance of his title, shall we hesitate to say, that a period of twenty-eight years is sufficient? Shall we split hairs upon the great questions of justice?

In the case of *Fairclaim d. Empson* v. *Shackleton,* 5 *Burr.* 2604. a question was made, whether one tenant in common shall not bar the other, by the statute of limitations, where there was no adverse possession. It was decided, that the possession must be adverse, and that there must be an actual disseisin : but as there had been a possession of twenty-six years, Lord *Mansfield* said, if there had been a question about ouster, it might have been a fact to be left to the jury. In the case of *Fisher & al.* v. *Prosser, Cowp.* 220. *Ashhurst,* J. in speaking of this case, remarks, with respect to it, that " the present question was not properly before the court, in that case. The single question there, was, whether the plaintiff was barred by the statute of limitations. The possession, was a possession of twenty-six years ; but in that case, it was not left to the jury to presume facts." This is, certainly, a very clear intimation, that the possession of twenty-six years might have been left to the jury, to presume an ouster ; which would have been the same thing, as to presume a conveyance. Here is a period two years short of the time, which had elapsed in the case under consideration. One would think, this was sufficient authority to justify the court, in submitting to the jury a possession of twenty-eight years, without interruption, from whence to infer the existence of a conveyance, or to be a presumptive bar to the action for the recovery of the land.

In a great number of cases, respecting easements, the courts in *England* have decided, that twenty years uninterrupted possession, without any circumstance to rebut it, may be presumptive evidence of a grant, or a presumptive bar. 2 *Wms. Saund.* 175. *a.* In the case of a bond, it has often been decided, that twenty years, without any demand of payment, is, of itself, a presumption that the bond has been paid : but that this is only a circumstance to found a presumption upon, and is, of itself, no legal bar. *Oswald & al.* v. *Legh,* 1 *Term Rep.* 270. *Searle* v. Lord *Barrington,* 2 *Stra.* 826.

As the writ of right, in *England,* is barred only by a possession of sixty years, we have few cases reported, where

*New-Haven,*
November,
1818.

Sumner
*v.*
Child.

the fee, or freehold, is concerned ; but in most cases where the statute does not extend, courts have admitted a much shorter period than sixty years to be a presumptive bar. They have extended the statute of *James* I. to the writ of ejectment, to incorporeal rights, and to mortgages ; and though there is no express decision, that twenty years' possession, or enjoyment, of a right, shall warrant a jury to presume a grant, in all cases where there is no statute of limitation, yet this principle, I apprehend, is fairly deducible from a collected view of their decisions on this subject.

Though there has been no decision in this state, expressly settling the point under consideration ; yet, pursuing the practice in *England*, principles have been recognized, which will comprehend it. The statute barring entry on lands, by fifteen years adverse possession, has been construed to transfer the estate, to bar any action to recover it ; and has been extended to mortgages and incorporeal rights. The doctrine established, is, that the statute shall be extended to all similar cases—to all cases within the spirit and meaning, though not within the letter, of it. By the same train of reasoning, it must be applied to the case in question ; for though it does not come within the literal construction, it is, unquestionably, within the equity of the statute ; and if the legislature had contemplated the possible existence of such a case, they would have provided for it ; as it is evident they intended to quiet the title to land, by an uninterrupted possession of fifteen years. It would seem, then, as the case is within the reason of the statute, the provision of it ought to be extended to it, in the same manner, as in the case of rights of way, and other easements. Why should an heir be deprived of his paternal estate, by fifteen years' possession, and a creditor be permitted to pursue his claim forever ? It is equally in his power to avail himself of the land, as for an heir to recover it ; and there is precisely the same reason why he should be barred, by negligence, or delay. There can, then, be no imaginable reason, why this case should not stand on the same footing, as to matter of presumption, as all other similar cases : there can be no justice in saying, that the same limitation shall not be extended to it, as there is to incorporeal rights.

But here it is answered, that however reasonable and proper it may be, there are decided cases opposed to it,

which are conclusive on this point. The case of *Eaton* v. *Sanford,* 2 *Day,* 523. and *Beach* v. *Catlin,* 4 *Day,* 284. are relied on.

In the case of *Eaton* v. *Sanford,* the court decided, that the statute of limitations did not begin to run during a disability, and that the plaintiff could take advantage of the disabilities of infancy and coverture. On that construction, (though an incorrect one,) the case was within the saving of the statute : and though the defendant attempted to avail himself of the presumption arising from a possession of near sixty years, the court properly decided against him ; for mere length of time short of the period prescribed by the statute, is never a sufficient ground to presume a grant. If the defendant could have accompanied this length of time, with circumstances conducing to raise a presumption, then the question might have been submitted to the jury.

The case of *Beach* v. *Catlin,* was a fraudulent conveyance ; and there the court decided, that the creditor acquired no right of entry on the land, till the levy of his execution ; and, of course, the statute could not operate against him, prior to that time ; for till that time, there could be no adverse possession against him. Though the question now under consideration, was not directly, and formally, raised and decided in that case ; yet, as it might have been made, I am willing to admit, that the court did decide, that where there was a fraudulent conveyance, there can be no presumption of one that is *bona fide,* so as to constitute a bar to the action. That this decision was correct, but not at all opposed to the doctrine I am endeavouring to support, will readily appear.

It must be remembered, that presumptions, in all cases, may be rebutted, or explained. If facts can be proved, which shew, the grant, or deed, claimed to be presumed, could not have existed, the ground of presumption is removed. 2 *Wms. Saund.* 175. *a.* In the case of *Beach* v. *Catlin,* the defendant claimed under a deed from *Brace,* the debtor, which was proved to be fraudulent and void. Here, there was an express grant, or deed, which rebutted and excluded all presumption of any other : for it cannot be supposed, in any possible case, that there should be two deeds, made at the same time, of the same estate, one *bona fide,* and the other fraudulent. If a deed be proved to have existed, the rights

of the parties must be governed by it ; and the party can never resort to a presumptive grant ; because that which was actually made, was fraudulent and void : for though presumption may be admitted, to supply a defective deed, it can never be done, to validate a fraudulent transaction. The case, then, of *Beach* v. *Catlin,* can be vindicated on solid principles. The court did not decide, that fifteen years' possession would furnish no evidence to presume a grant, where the case was not within the statute ; but that a fraudulent deed rebutted all presumption, that a *bona fide* one was made at the same time. It may also be added, that a fraudulent conveyance always contains a secret fraudulent trust, which is never protected by a statute of limitations.

How different is this, from the case under consideration ! There is no pretence of fraud, in the claim of *Joseph Dudley ;* or in the creditor, who levied on the land for the payment of his debt. Here is a possession of more than twenty-eight years, uncontradicted, and unexplained. Certainly, this is the very case, where presumption from length of time, should have its full operation and effect. I apprehend, then, the proposition will be found to be warranted by reason and authority, that, as in *England,* twenty years possession, so in this country, fifteen years possession, without interruption or contradiction, is a matter of evidence, *per se,* without any other circumstance, proper to be left to the jury, to presume a grant, in all cases not within the statute of limitations. There must be some period of time established, as the *ne plus ultra.* As we find many cases which have adopted this period, and none which have required a longer one, we are authorized to say, that it is the time established by law ; and that possession for the period of fifteen years, uncontradicted and unexplained, is the same as time whereof the memory of man runneth not to the contrary.

The possession, then, in this case, for more than twenty-eight years, might have been submitted to the jury, as evidence from whence they could have presumed a grant, without any accompanying circumstances ; and this would have justified the verdict they found. That part of the charge, then, which submitted the accompanying circumstances, was unnecessary and immaterial ; it might have been omitted—it was mere matter of surplusage, and can be no ground for a new trial.

*New-Haven,*
November,
1818.

Sumner
*v.*
Child.

Some, however, revolt at the idea of presuming a deed or grant, from so short a possession. But it must be remembered, that this is done, in effect, every day, by the statute of limitations; and we may as well complain of hardship in one case, as in the other. By this statute, the clearest record title can be defeated, by fifteen years adverse possession. The same policy, which justifies the legislature in making this regulation, to avoid the inconvenience of antiquated claims, will justify courts in extending it to similar cases. There can, then, be no well grounded cause of complaint, on this head.

But it is said, in this case, there is no probability, that a deed, or grant, ever existed; and that it would be very strange to admit a jury to make such a presumption. This leads me to consider the principles on which grants are to be presumed by a jury.

Any fact may be found, by a jury, on presumptive evidence; but, generally, facts are found, on the ground that the jury are persuaded, or convinced, by the presumptive evidence, that they actually existed. All the innovation, that has been made, by courts, in modern times, is, that they will permit a jury to presume a grant, charter, or any writing, though there is no probability that they ever existed. Lord *Mansfield* says—" Not that the court really thinks a grant has been made; because it is not probable that a grant should have existed, without its being on record; but they presume the fact, for the purpose, and from a principle, of quieting the possession." *Cowp.* 215. In giving their opinion in the case of *Knight* v. *Halsey*, 2 *Bos. & Pull.* 206. the judges say—" The presuming a deed from long usage, is, certainly, a novel invention of the judges, for the furtherance of justice, and for the sake of peace, where there has been a long exercise of an adverse right. For instance, it cannot be supposed, that any man would suffer his neighbour to obstruct the light of his windows, and render his house uncomfortable, or to use a way, with carts and carriages, over his meadows, for twenty years respectively, unless some agreement had been made between the parties to that effect, of which the usage is evidence."

In examining the cases, which have been decided, it will be found, in most, if not all, of them, that there was not the remotest probability that charters ever existed; for if they

*New-Haven*,
November,
1818.

Sumner
*v.*
Child.

had, they would have appeared of record ; yet the court did not hesitate to permit the jury to presume them. In the case of the Mayor of *Kingston-upon-Hull* v. *Horner*, there was no reason to believe there had been a charter. The same may be said of *Powell* v. *Milbanke*, *Cowp.* 103. n. and *Bedle* v. *Beard*, 12 *Co.* 5. This presuming a grant, however, is not wholly a novel principle. Presumption is well known at the common law. This is founded on immemorial usage or possession, for a length of time beyond legal memory, or the memory of man : this supposes a grant which has been lost. All the innovation, in modern days, regards the length of time ; and now, instead of requiring proof of a possession or enjoyment beyond the time of legal memory, in order to presume a grant, courts have very properly admitted a much shorter period ; yet in these cases, they proceed on the ground, that there has been a grant, the evidence of which has been lost, by length of time, so that no rule of the common law is violated. The leading principle is, that grants are to be presumed where the justice of the case requires it, to quiet a long possession. Under such a guide, this is a power, which courts, in the exercise of a sound discretion, may use, in such a manner as greatly to promote the peace of the community, and the security of property. It may be used as an instrument to subserve the cause of justice, where from length of time it is probable that the evidence of title is lost, or where it would be unreasonable to disturb a possession of long standing ; but it is never to be exercised where it would promote injustice, or deprive a man of a clear and well established right.

It is not necessary, that the jury should presume who is the grantor, or what is the particular kind of grant. They may presume such a grant as will quiet the possession. Of course, they can presume charters, deeds, records, by-laws, common recoveries, and even acts of parliament, where it is necessary. Lord *Kenyon* once said, that he would presume not only one, but one hundred grants, to support such a long possession. Lord *Ellenborough* said, he would presume *any thing*, to support such a long possession. 11 *East*, 288. There can be no difficulty about a grantor, or grantee, or the forms of the grant.

To apply these principles to the case under consideration. The defendant, and *Joseph Dudley*, under whom he claims,

have been in possession of the demanded premises nearly thirty years. The creditors of *William Dudley,* from whom the plaintiffs derive their title, proceeded against his estate in *Massachusetts,* in 1786, and found it to be insufficient to pay their debts. No measures were taken by them, for more than twenty-eight years, to enforce their claims against his property in this state ; though it was in their power, at any time, to have done it. Here is a time in which their debts would have been long ago barred, by the common law limitation, in ordinary cases. Here was a length of time, in which the creditors of *William* suffered *Joseph* to occupy this estate, more than sufficient to acquire a title by possession ; and of course, his creditors and purchasers must have had good reason to believe, that he had a lawful right, and that it was safe to levy upon, or to purchase, it. But now, after the creditors of *William* have permitted *Joseph* to spend the whole of his estate, without asserting any claim to it ; they come forward with these antiquated demands, to deprive honest creditors and purchasers, of the lands for which they have paid a valuable consideration, but which they never would have purchased, had it not been for the negligence and delay of those who seek to deprive them of this estate. Even admitting, that these creditors might have had a claim to this estate, at the death of *William Dudley ;* yet it would now be, in the highest degree, unjust, to permit them, after such an unreasonable delay, to disturb this ancient possession. Suppose the lands of *William,* at the time of his death, were of little value, but now, by cultivation, and improvement, have become worth fifty thousand dollars ; what must be the sensation of the honest creditors and *bona fide* purchasers of *Joseph,* to be stripped, by such stale demands, of all the hard earned fruits of their industry ? Surely, there can never be a case, in which the doctrine of presumption would operate with more singular justice. Who will not say, with Lord *Kenyon,* " I will presume not only one, but one hundred grants, if necessary, to quiet such a long possession?"

The only remaining question is, whether the record from the court of probate in *Massachusetts,* was admissible evidence. Though this document was immaterial, as there was sufficient evidence without it, so that the admission of it could be no ground for a new trial ; yet it can be vindicated on principle.

The ground, on which the defendant rested his claim, was, that he and *Joseph Dudley*, under whom he claimed, had been in possession of the land for more than twenty-eight years; that *William Dudley* died in 1786; that *Joseph* entered immediately, on his death, claiming the land as his own; that soon after the death of *William*, in *Roxbury* in *Massachusetts*, letters of administration were granted, his estate inventoried, and represented insolvent; that the creditors exhibited their debts, which were allowed; that on a legal settlement of the estate, it was found insufficient to pay them; and that they never prosecuted any claim in this state, to apply the land in question to the payment of their debts, till the year 1814. Why is not this proper evidence to be left to the jury, as a presumptive bar to the claim of the plaintiffs?

It cannot be supposed, that the creditors of an insolvent estate in *Massachusetts*, not presumed to be ignorant of the estate of their debtor, would suffer their debts to lie for nearly thirty years, when it was in their power, at any time, to have enforced a collection of them, by the sale of the lands in question. Here is an uninterrupted possession, on one side, and a non-claim and acquiescence, on the other, which constitute the ground of presumption. In all these cases, it is admissible to prove the uninterrupted possession of one party, and that the other has made no claim, and asserted no right, under such circumstances that he probably would have done it, if he had any legal title. It is always competent to prove the conduct and situation of the parties, and especially, that no claim was made. This was the effect of the proof offered. It was necessary to produce the proceedings before the court of probate in *Massachusetts*, to shew the length of time which the creditors neglected to prosecute their claims. On the death of *William Dudley*, if this land was liable for the payment of his debts, his creditors, it must be presumed, would have known it, and would certainly have taken it for that purpose. It must, then, be proper, to shew, that they proceeded against his estate in *Massachusetts*, which was found to be insufficient; for this clearly furnishes a legitimate presumption, that they knew and considered he had no title to the land demanded. This is proving, that the parties in interest made no claim, and asserted no rights. This shews there was no circumstance to rebut the presumption

of a grant. This put the case on the footing of a possession for a great length of time, unanswered and unexplained. Of course, the record was clearly admissible; and a new trial ought not to be granted on that ground.

SMITH, J. This, in my judgment, is not a case, in which either the statute for quieting the possession of land, or the doctrine of presumption from length of possession, can apply.

The length of time, during which the creditors lay by, after the death of *William Dudley*, before administration was obtained, must have its effect, if any way, to bar the right of administration, or to prove a satisfaction of the debt. And in case any question was to be raised, on either of these subjects, an appeal should have been taken, from some, or all of the decrees of the court of probate, in granting administration, allowing the debt, or ordering a sale of the estate; but no such question can be made in this action.

In the case of *Beach* v. *Catlin*, 4 *Day*, 284. Judge *Swift* gave an opinion, which goes much further than is necessary to decide this case; and a majority of the court sanctioned that opinion. If there was no *adverse holding* or *actual ouster*, in that case; for a much stronger reason, there is none in this. I was, at that time, in a minority; but the principles settled by a majority, must govern my subsequent decisions. The opinion, which I now give, however, though it is fully supported by the majority in that case, is also in perfect accordance with the view I then took of the subject. I considered *Catlin* as holding the possession adversely to *Brace*, and as having obtained a complete *possessory title* against him, before the levy of *Beach's* execution; and although a creditor might avoid the deed, on account of fraud, he could not evade the positive and direct effect of the statute, operating on a fifteen years' possession. I did not consider it to be " an undeniable position, that a lawful possession acquires no title under the statute," as advanced by the learned Judge in that case. I supposed there might be an actual ouster and adverse holding, as fully and completely, by consent, as by the most tortious turning out: for instance, in case of a sale of lands by parol, where the consideration is paid, and possession voluntarily resigned up, and held by the purchaser for fifteen years, in his own right,

New-Haven,
November,
1818.

Sumner
v.
Child.

without paying rent, or acknowledging the title of any one. In this, and many other cases, which occur, there is an ouster, by consent, equally effectual with those which are tortious.

In the case now under consideration, there is no room for pretence of adverse holding against any one.

The heir, upon the death of an ancestor, is by law made the depositary of title, to hold for creditors; who have all that time which is given by law, for taking out administration, and collecting debts, to make out their claim. During this period, the *deceased* has a sort of *legal existence,*—or rather, his estate remains liable for the payment of his debts, as fully as if he were living. And in my judgment, a debtor, while living, might as well claim to be quieted in the possession of his land, against the stale demand of his creditor, after the levy of an execution on it, as for his heir to make a similar claim, after a sale in the regular course of administration, by order of a court of probate for the payment of debts.

GOULD, J. The first question is, whether the record of the court of probate, in *Massachusetts*, was admissible evidence? The suggestion, that it was proper evidence, to prove the death of *William Dudley*, is entirely foreign to the question. That fact was not in issue. Indeed, it appears distinctly from the motion, that the record was offered, " to shew, that the lands did *not belong to William Dudley;*" in as much, as they were not *included in the inventory*, which forms a part of the record. But it is impossible to maintain, that any record of a neighbouring state could be admitted, for such a purpose. The subject-matter in question is, in its nature, and in the most absolute sense, *local.* No court of justice, in another state, can, by any determination, or any proceeding, determine a question of title to land in this state. *Transitory* rights may be decided, in any jurisdiction, to which the parties are personally amenable. But who ever imagined, that the record of a writ of right, or of an action of ejectment, brought in a neighbouring state, (if such a case may be supposed,) to recover lands, locally situated here, would be admissible evidence of title? The proceedings, in such a case, would be a mere nullity, as being *coram non judice.* And if the probate-record, in the present case, had

actually embraced the lands in question ; it would have been, *so far*, equally null, for the same reason.   For there is nothing, in the peculiar nature of such a record, to take it out of the common rule.   And if an actual inventory of the lands would not have made the record evidence, on one side ; surely, the omission to inventory them, cannot make it so, on the other.

I am also of opinion, that the direction to the jury was wrong.   They were told, that, " from great length of time, *with circumstances* to render it probable, they might presume and find a grant :" and that " if they found a grant" (*i. e.* according to this rule of presumption,) " to those, under whom the defendant claimed ;" they must find for him.   But what circumstances conduce to such a presumption, is a question of *law :* and if any such, in addition to the length of possession, existed in the case ; they should have been pointed out to the jury, and ought to appear in the statement now before us.   But as no circumstances appear to have been given in evidence, as accompanying the possession, except what the probate-record from *Massachusetts* furnished ; and as I hold that record itself to have been inadmissible ; the case, as I must consider it, is the same, as if the jury had been instructed to presume a title in the defendant, from length of possession *alone.*

Would such a direction, then, have been correct ?  This, in my view of the subject, is the real, and only remaining, question.

With respect to *easements*, and *incorporeal* rights in general, the rule, undoubtedly, is, that from long adverse enjoyment, a grant, or whatever else is necessary to legalize the enjoyment, and to establish a title to it, may be presumed. But such a presumption, from *mere* length of possession, is never applicable to *corporeal* subjects—as lands and tenements.   The reason is, that with respect to the latter, the statute of limitations has made all the provisions, which the law deems necessary, for quieting possession : whereas, no length of enjoyment or user, in the case of incorporeal hereditaments, (which do not lie in seisin, or corporeal possession), is protected by those, or any similar provisions of statute-law.   And hence, from the manifest expediency of quieting long enjoyment, or user, as well in cases, in which the subject is not, as in those, in which it is, within the stat-

New-Haven, November, 1818.

Summer v. Child

ute of limitations, courts of justice have virtually extended the protection of the statute to subjects not within it, by establishing a presumption, from length of enjoyment, in analogy to it. But where, as in this case, the subject is within the purview of the act, to superadd the doctrine of presumption to its provisions, would be virtually to multiply those provisions ; or rather, to make an additional statute of limitations. The statute itself quiets a fifteen years' possession of lands and tenements, in all cases within its purview, and not within its savings : and if, by a rule of presumption, professedly adopted in *analogy* to the statute, such possession is to be quieted in *other* cases also ; it is plain, that persons and rights, not intended by the legislature, to be affected by the act, will be, in effect, brought within it. Indeed, upon the very principle, upon which a title was presumed, in the present case, against the creditors of *William Dudley*, every reversioner, and remainder-man, must lose his title, whenever the particular tenant has been ousted for fifteen years : and upon the same principle, every saving in the statute may be defeated.

I admit, that, in certain cases, length of possession may, with *other* circumstances, be proved, to *perfect the evidence* of title to lands and tenements. But the distinction, between the principle of those cases, and the doctrine of conclusive presumption, in the case of incorporeal rights, is very broad, and, I think, very clear. The rule of discrimination, I take to be this : when an *actual* transfer of title, of which the deed, or any other necessary original evidence, is lost, is to be made out, in whole, or in part, by *secondary* evidence ; length of possession is, *like any other* circumstantial fact, admissible, as *corroborative evidence*, and *only* as corroborative evidence, of such transfer. And here it is immaterial, whether the subject in question is incorporeal, or corporeal. In this case, however, length of possession is, in its nature, no more *essential* to the proof of the main fact, than any other supposable circumstance. And possession for a *shorter* period, than that prescribed in the statute of limitations, is admissible evidence : though, undoubtedly, the longer the possession is, the stronger will the presumption, arising from that fact, be. But where length of time is relied upon as a *presumptive bar*—*i. e.* where mere length of possession is the only fact required to be proved, and is, of *itself*, the

conclusive fact, from which a title is to be peremptorily presumed, *upon the principle of quieting possession, and whether an original title is actually believed to have existed, or not—* the subject in controversy always is, and must be, an incorporeal right.   And I know of no instance, either in the *English* law, or our own, in which this latter rule of presumption has been applied to corporeal hereditaments, which are within the purview of the statute of limitations.   It was urged as applicable to land, in *Eaton* v. *Sanford*, 2 *Day*, 523. and afterwards in *Brace* v. *Catlin, June* term, 1813 ; and in both instances, rejected by this Court.   The observation of Lord *Ellenborough,* in *Parker* v. *Baldwin*, 11 *East*, 487. that an adverse possession of crown-lands, for fifty-five years, would be sufficient evidence for the jury to presume a grant from the crown, *if* the crown were capable of making such a grant, does not interfere at all, with the distinction, I have just laid down.   For as *crown-lands* are never within any general statute of limitations, they remain, in this respect, as at common law—upon the same footing with incorporeal hereditaments.

The cases of incorporeal rights, then, have no bearing upon that now before us : and whenever length of possession has been admitted, as presumptive evidence of title to corporeal hereditaments, it has been of the nature, and introduced for the purpose, already explained : *i. e.* it has been received only as *secondary, corroborative* evidence of an *actual* conveyance, or of some accompanying requisite, of which the original and best evidence has been lost.   And the jury, instead of being bound by any conclusive, or positive rule of legal presumption, are, in such cases, to *weigh* the whole evidence, as in every other case of circumstantial proof, and to find, according to their actual belief.   Thus, in *Gray* v. *Gardner,* 3 *Mass. Rep.* 399. where the defendant claimed title to land, under a sale by an administrator, it was determined, only, that a possession for twenty years, *taken in connexion* with an order of court, authorizing the sale—with proof of the insolvency of the estate—of the actual sale of it, at public auction, and of the publicity and fairness of the sale—of the deed of bargain and sale itself—and of the loss of the probate-files and papers, relating to the estate—was sufficient to warrant the jury, in presuming, that the administrator took the oath prescribed by law, and gave the neces-

New-Haven,
November,
1818.

Sumner
v.
Child.

sary notice of sale : there being no direct proof of these two latter facts, both of which were necessary to the validity of the sale. And there can be no doubt, I trust, that if the possession had been *short* of twenty years, the determination would have been the same.

It is unnecessary to go into a detailed examination of all the cases. The principle, upon which the case of *Coleman* v. *Anderson*, 10 *Mass. Rep.* 105. was decided, was precisely the same, as in the case of *Gray* v. *Gardner.* The case of *Bush* v. *Bradley*, determined in the superior court, (*New-Haven* county, *August* term, 1812,) was governed by the same principle ; and the state of facts, in that case, was almost identically the same, as in *Gray* v. *Gardner*, except that a mesne conveyance, instead of an accompanying requisite, was the fact to be presumed. In *Bunce* v. *Wolcott*, 2 *Conn. Rep.* 27. the rule recognized by those of the Judges, who gave any opinion upon the point of presumption, from lapse of time, was confined to the same limits, and qualified by substantially the same distinctions, between corporeal and incorporeal subjects, as I have already pointed out. The distinction, as laid down, in that case, by the Chief Justice, is, that in cases, in which *the statute of limitations might operate*, (*i. e.* in case of lands and tenements,) length of time " *accompanied by circumstances*," which render a grant probable, may found the presumption of a grant ; and that length of time, " *unaccompanied* by such circumstances," may be a bar, (meaning a *presumptive* bar,) " where there is *no statute* of limitations ;" (*i. e.* where the subject is one, to which the statute does not extend.) Now, this distinction is, in effect, the same, that I am endeavouring to maintain. The case of *Jackson* d. *M·Donald* v. *M·Call*, 10 *Johns. Rep.* 377. is substantially the same, in principle, as that of *Gray* v. *Gardner*, and *Bush* v. *Bradley ;* and it is observable, that a conveyance to the ancestor of the plaintiff *M·Donald*, was presumed, though his possession was for a period, considerably *less* than that prescribed in the statute of limitations.

I am aware, that in a note to a late treatise on the law of evidence, (*Phill. Ev.* 124. n. *a.*) it is said, that the presumption, arising from length of possession, in the case of incorporeal hereditaments, " equally applies to lands and tenements." This position, I think, is a plain mistake. Among the cases cited in support of it, are those of *Jackson* d.

New-Haven,
November,
1818.

Sumner
v.
Child.

*M'Donald* v. *M'Call,* *Gray* v. *Gardner,* and *Coleman* v. *Anderson ;* neither of which affords any countenance to such a proposition. And with respect to the other cases, brought together by the editor, for the same purpose, it may be safely asserted, that they all proceed upon principles totally distinct from that conclusive rule of presumption, which obtains in the case of incorporeal rights. Without going into a minute and tedious examination of these cases, (and passing over those of them, which are out of the purview of the statute of limitations, independently of the *savings* in it, and which stand, therefore, upon the same footing with the *crown-lands,* in *Parker* v. *Baldwin ;)* it may be sufficient to observe, that, in several of them, the presumption was founded upon *special corroborating* circumstances, accompanying the possession ; and that, in most of the others, the fact in question was presumed, in pursuance of the maxim, that " what *ought* to have been done, shall be presumed to have been done :" so that where a party is *entitled* to conveyance, a conveyance shall be presumed. But it is very material to be observed, that in neither of these two classes of cases, is any particular *length* of possession, indispensable to the presumption of a conveyance ; and that in the last class, the presumption may be raised in favour, as well of a party *out* of possession, as *in :* as in the common case of presuming the release of a satisfied mortgage, or the surrender of a satisfied term. Now, it is very obvious, that cases of this kind cannot be made to bear, at all, upon the principal question : nor, I repeat, is there any one, among the collection of cases to which I am referring, that has any relation to it.

I am, therefore, of opinion, that upon both the grounds, disclosed in the motion, there ought to be a new trial.

TRUMBULL, EDMOND, BRAINARD, HOSMER, PETERS and CHAPMAN, Js. were of the same opinion.

New trial to be granted.