Judge Lane
delivered the opinion of the courts
This is a motion for a new trial of an action or ejectment, tried in the county of Tuscarawas.
*416 At the trial, the plaintiff produced a patent for the land to John Starke, dated August 6,1803, and proof of his death; that the lessors of the plaintiff are his heirs and that they have never resided in this state.
• The defendant offered to prove by parol, that in 1800 he purchased of John Starke his warrants, paid a full consideration for them, received and registered them, located and took possession of the lands in 1801, and has since remained in possession. Upon these facts he insisted : 1. That his possession was protected by the-statute of limitation. 2. That the patent of 1801 vested the title of the land in Starke, in trust for him, and that from the length, of time; the plaintiffs delay; the possession, and the payment of taxes by the defendant, that the jury should presume a conveyance to have been made to him.
The testimony was overruled, and a verdict rendered for tho-plaintiff. To correct the alleged mistake of the court, in the rejection of this testimony, the motion for a new trial is made by the defendant.
There is no ground for the position, that the right of action is. barred by the statute of limitation. None of the lessors of the plaintiff were ever in this state until shortly before the institution of this suit; and consequently they are within the saving of section 7. 29 Stat. 216.
The substantial question arising in this caséis, whether the facts do not raise the presumption that the land was conveyed *to the defendant. If the jury were authorized to deduce this inference, the charge was incorrect, and the defendant is entitled to a new trial.
This point has recently been the subject of examination by the Supreme Court of Connecticut, 2 Conn. 617, and the opinion of a very eminent judge, who reviews all the authorities, leaves little to be done by us, except to repeat his reasoning and adopt its results.
The statute of limitations is designed to make all the provision which the law deems necessary to quiet the possession of corporal subjects; but no length of enjoyment of incorporal hereditaments (which do not lie in seizin or possession) is protected by the direct operation of thestatute. Yet from the manifestpolicy of quietinglong enjoyment, courts have extended the operation of the statute beyond *417 its letter, by establishing upon its analogy a presumption of right from length of user. From this principle is derived the undoubted rule, in respect to easements and incorporal rights, that a grant, or anything else necessary to legalize a right, may be presumed from long enjoyment. And in these cases, the mere fact of possession for a length of time in analogy with the statute of limitations, is the only fact to be proven; from which alone, a title is peremptorily to be presumed, on the principle of quieting enjoyment, without regarding whether an original title is believed to' have existed or not.
But in respect to corporal rights, this rule of presumption has not been applied. They are within the. purview of the act of limitations ; to superadd the doctrine of presumption, is to multiply those provisions, or rather to make a new statute. If by a rule of presumption, professedly adopted in analogy with the statute, a possession is to be quieted in other cases within its purview, and not within its sayings, it is plain that persons and rights not intended by the legislature to be affected, will be subjected to its operation. In all cases in which the statute operates, the only bar arising from length of possession, is that prescribed by its provisions.
■ It is true that in some cases length of possesion may be proved with other circumstances, fonperfeet the evidence of title to lands ; but the distinction between this principle and *the doctrine of conclusive presumption, as applicable to corporal rights, is very plain. In the one, length of possession is itself a bar, and raises the conclusive legal presumption of a grant, even under circumstances in which no grant would actually be made. But where' an actual transfer of title is to be shown by secondary evidence, when the deed or original evidence is tested by length of possession, is, like every other circumstantial fact, corroborative evidence, and in this light alone is admissible to prove an actual transfer. In these cases, it is immaterial whether the subject be corporal or incorporal, the length of possession is no more essential to the main fact than any other circumstance.
The distinction here pointed out may be found running with the whole current of decisions. The editor of Phillips’ Evidence (Phil. Ev. 124) is mistaken in asserting that the doctrine of presum ption is applicable to cases within the act; the.case cited, 11 *418 East, 467, is one of crown lands, not affected by the operation of the statute.
The testimony offered authorizes no inference of the facts necessary to be shown to maintain the present defense. That he pur■chased and had custody of the warrants in 1800, before Starke’s legal title accrued, and that he has held possession of the land since 1801, treating it as his own, makes no more than the common case of a possession under an equitable title, and affords no ground to raise the presumption of fact, that an actual deed was made.
But it is insisted that the possession of a cestui que trust shall not be disturbed by his trustee. In cases of direct trust, where the possession is provided for by the deed, perhaps the position may be correct; but it has no place in trusts raised by construction merely. Ohio, 264.
The motion for new trial is overruled.