HATCH, *Adm'r, Ap't, v.* KELLY.

An administrator's petition for a license to sell real estate for the payment of debts may be denied, if the delay of the creditors in applying for the appointment of the administrator has rendered a sale inequitable.

PROBATE APPEAL, from the denial of the plaintiff's petition to sell real estate for the payment of debts. Facts found by a referee.

*Hatch,* for the plaintiff.

*Frink & Batchelder* and *Hodgdon,* for the defendant.

STANLEY, J. The decedent died in 1873, leaving personal estate of the value of $140, and real estate of the value of $200. She left two sons as her only heirs. She left debts to the amount of $69.74, and a tax bill for 1872, the amount of which is not stated. She resided in Portsmouth, and her creditors resided there. They knew of her death at the time it occurred. They were entitled to administration at the end of thirty days after her decease, her sons having neglected during that time to apply for administration. Gen. St., c. 176, s. 5; G. L., c. 195, s. 5. The creditors did not take administration until more than seven years after they were entitled to it, and they do not explain their neglect. The sons and heirs took possession of the personal estate and spent it. They incurred debts for which their creditors attached and levied upon the land, which the administrator now asks a license to sell; and the appellee claims under such a levy made in 1877. The estate being solvent, and the personal estate more than sufficient

to pay all the debts, the real estate upon the decedent's death immediately vested in the heirs. *Lucy* v. *Lucy*, 55 N. H. 9; *Lane* v. *Thompson*, 43 N. H. 320, 326; *Montgomery* v. *Dorion*, 7 N. H. 475. The heirs at law having taken possession and disposed of the personal estate before an administrator was appointed, they were liable as executors in their own wrong to the creditors or to the administrator (Gen. St., *c.* 176, *s.* 15; G. L., *c.* 195, *s.* 15); and the judge of probate had no authority to grant a license to sell the real estate of the decedent until it was shown that the personal estate was insufficient for the payment of the debts. Gen. St., *c.* 182, *s.* 1; G. L., *c.* 201, *s.* 1; *Gordon* v. *Gordon*, 55 N. H. 399; *Hall* v. *Woodman*, 49 N. H. 295; *Tilton* v. *Tilton*, 41 N. H. 479.

But if it be assumed that when the license was applied for the personal estate was insufficient for the payment of the debts, it was properly refused. Whether it should be granted is a question of fact to be decided upon equitable principles, regard being had to the circumstances of the case. *Merrill* v. *Harris*, 26 N. H. 142, 149; *Scott* v. *Hancock*, 13 Mass. 162; *Ex parte Allen*, 15 Mass. 58; *Livermore* v. *Haven*, 23 Pick. 116, 118. It was through their own *laches* that the creditors have failed to obtain their pay. If they, immediately after the exclusive right of the heirs to administration expired, had applied for administration themselves, they could have collected their debts from the personal estate. But, being aware of the debtor's death, and having in the probate records convenient means of ascertaining the non-administration of the estate, they suffered the heirs to take possession of and spend the personal estate, and the creditors of the heirs to attach and levy upon the real estate, and the title under the levy to become perfected as against the heirs, before taking any steps to have the estate administered; and they took no steps in this direction. Their delay of more than seven years should be regarded as an abandonment of their rights. If, under these circumstances, license to sell could not be denied, the title of an innocent third party would be defeated. More than one fourth in amount of the creditors were aware of the pendency of the suit of the appellant against the heirs, and yet they waited more than three years before applying for administration. In *Livermore* v. *Haven*, *supra*, *Shaw*, C. J., says, "Where the creditors through their own *laches* have failed to obtain payment of their debts out of funds first applicable to that object, license ought not to be granted to the injury of the heir," and if not to the injury of the heir, there is much more reason why license should not be granted to the injury of an innocent third party. The law favors the speedy settlement of estates, to the end that the creditors may receive their pay and the heirs their inheritance. It is not necessary to consider how long the lien of the creditors upon the real estate of a decedent continues. The question of fact was rightly decided by the probate court. The law favors those who are vigilant, not those who sleep on their rights.

*Gore* v. *Brazier*, 3 Mass. 523, 542; *Wyman* v. *Brigdon*, 4 Mass. 150, 155; *Sumner* v. *Child*, 2 Conn. 607; *Ricard* v. *Williams*, 7 Wheat. 59, 116.

*Appeal dismissed.*

All concurred.