HILLSBOROUGH.

---

ALLEN, *Adm'x, Ap't, v.* COLBURN, *Ex'r.*

Heirs at law, who for twenty-three years neglect to claim personal effects as belonging to the estate of the decedent, may by their laches lose the right to assert such claim.

PROBATE APPEAL.  The appellant is administratrix *de bonis non* of Elizabeth Marshall, who died intestate in 1862.  The appellee is executor of the will of Almon D. Marshall, who was the husband of Elizabeth, and died testate September 15, 1885.  Almon was appointed administrator of his wife's estate in February, 1863, and returned an inventory showing personal estate to the amount of $905.51.  The records of the probate court show no further

action by him as administrator. The appellant was appointed administratrix of Elizabeth in 1886. The defendant rendered an account of Almon's administration on his wife's estate, in which he charged him with the amount of the inventory, $905.51, and interest, $342.28,—in all, $1,247.79,—and credited him funeral charges, commission at 2½ per cent., and expenses of administration, amounting in all to $180.34, leaving a balance of $1,067.35, which he claimed as belonging to Almon D. as heir to the estate of his wife. This claim was allowed by the probate court.

A portion of the estate left by Elizabeth consisted of a deposit in the Nashua Savings Bank of $821.92. Of this sum, $500, deposited October 1, 1860, was a gift from her husband of that date.

No movement was made by the heirs at law of Mrs. Marshall for the settlement of the administration on her estate by her husband, nor was any claim made for the distribution of assets in his hands until after his death.

*W. W. Bailey*, for the appellant.

*E. S. & H. A. Cutter*, for the appellee.

ALLEN, J. At common law, the right and title of the wife's personal estate was in the husband by virtue of the marriage. By the act of 1846 (Laws of 1846, c. 327) the wife became entitled to hold and enjoy in her own right property of which she was seized and possessed before marriage, and which by ante-nuptial contract it was agreed should be so held, and any property conveyed, devised, or bequeathed to her, to be so held free from the interference of her husband. And on the death of the wife intestate, by section 7 of the same act, all personal property so held by her vested in the husband.

The ancestress, Elizabeth Marshall, died intestate in 1862, and her estate must be distributed according to the laws of distribution then in force, unless the claimants, by some act or omission of their own, have waived the right to their shares. By the married woman's act of 1860, the wife was entitled to hold to her own use, free from the control of her husband, all property given, conveyed, bequeathed to, or inherited by her, if not occasioned by the payment or pledge of the husband's property. But this act did not, by retrospective operation, include property received and held by the wife before its enactment, and the title to that part of the property in question, so received by Mrs. Marshall, on her dying intestate vested at once in the husband, and her next of kin have no claim to it. *Atherton* v. *McQuesten*, 46 N. H. 205; *Sanborn* v. *Batchelder*, 51 N. H. 426, 431.

Whether the common-law right of the husband in the property left by his deceased wife was repealed by the act of 1860, and for that reason the $500 with its accumulations, received by Mrs. Marshall after that statute was in force, should have been distrib-

uted to her next of kin, need not here be considered.   Upon her death in 1862, her husband was appointed administrator and took possession of her property; and during all the time since, to his death in 1885, a period of twenty-three years, the plaintiff and other heirs of the decedent, in full view of the estate and with knowledge of all facts affecting their interest, including the possession, use, and control of the property by the husband as his own, have made no claim to it nor any part of it until after his death. To allow their claim now, after such laches, would be unjust to the representatives of the deceased husband, and inequitable in the highest degree.   *Hatch* v. *Kelly*, 63 N. H. 29.

*Decree of probate court affirmed.*

SMITH, J., did not sit: the others concurred.