MICHAELENE CAREY *v.* OTTAVIO FORLIVIO ET AL.

SUPERIOR COURT            FAIRFIELD COUNTY            FILE No. 127581
                         AT BRIDGEPORT

Memorandum filed November 19, 1974

*Tierney, Zullo, Flaherty & Cioffi,* of Norwalk, for the plaintiff.

*Silverberg, Marvin & Swaim,* of New Canaan, for the defendant Ottavio Forlivio, Jr.

*Paul V. McNamara,* of Bridgeport, for the named defendant.

TEDESCO, J. The plaintiff began this action in July, 1966, alleging certain acts of negligence which caused her injury from a fall on July 14, 1965. On November 3, 1973, the plaintiff served on the defendant an amended complaint adding a count in fraudulent conveyance. The conveyances alleged to be fraudulent took place on December 22, 1965, and March 14, 1966. The alleged fraudulent grantee, Ottavio Forlivio, Jr., was made a party defendant. He denies the allegations of fraudulent conveyance and pleads affirmatively both the Statute of Limitations and the equitable defense of laches. To raise

the legal question of whether this action is barred as against him, he has moved for judgment on the pleadings.

By pleading the Statute of Limitations as a defense, Ottavio Forlivio, Jr., impliedly asserts that (1) a Statute of Limitations for fraudulent conveyances exists and (2) it has commenced to run. Although no express or general statute has been cited by him as applicable, the court will assume arguendo that such a statute exists in order to reach the issue of whether it has commenced to run.

At this point, the court reemphasizes that it is not here dealing with a conveyance alleged to have been fraudulent as to creditors of the debtor-grantor so as to come within the purview of General Statutes § 52-552. Rather, the plaintiff is a tort claimant who brought a timely action in 1967 and who has been allowed to amend her complaint in 1973 to include allegations that the defendants participated in the conveyances with actual intent to prevent her from recovering any judgment. The plaintiff, to recover, has the burden of proof not only as to the grantor's fraudulent intent but also as to the grantee's open participation in that fraud. *Daly Bros., Inc.* v. *Spallone,* 114 Conn. 236, 242; *Allen* v. *Lyness,* 81 Conn. 626, 631.

It was long ago recognized that a tort claimant who pursues his action to judgment has a right to recover land fraudulently conveyed by his judgment debtor. Thus, conveyances made after a cause of action arose but before the plaintiff recovered judgment could be declared fraudulent, not under the existing statutes against fraudulent conveyances, but under common-law principles. *Fowler* v. *Frisbie,* 3 Conn. 320, 324; *Fox* v. *Hills,* 1 Conn. 295, 300. The rationale of these early decisions has been closely followed. The court in *DeFeo* v. *Hindinger,* 98 Conn. 578, noted that a person threaten-

ing a tort action did not become a creditor within the meaning of Rev. 1918 § 6132 (the predecessor to General Statutes § 52-552) until he recovered judgment. The court in *White* v. *Amenta,* 110 Conn. 314, 319, while adding nothing to the principles enunciated in earlier decisions, concluded: "The trial court was therefore right in holding that the transfer of the property by the defendant Antonio to his wife was *voidable* at the suit of the plaintiff." (Italics supplied.)

The most recent decision on the issue of the joinder of fraudulent conveyance actions with tort claims is *Murphy* v. *Dantowitz,* 142 Conn. 320. This decision, while following the rationale of the above-cited cases, held only that the plaintiff, under circumstances essentially identical to the instant case, "could incorporate in a single complaint a claim for damages in tort and a petition that a fraudulent conveyance made to defeat her claim be set aside." Id., 325. The fact that the plaintiff "could" join both claims certainly does not indicate that he must do so. This conclusion is supported by dicta further on in the opinion (p. 328): "All the persons involved in this allegedly fraudulent transfer are made parties: Pearl Dantowitz, Rettner, and the corporation. Then too, the interest of Pearl Dantowitz and Rettner can be reached by levy of execution, if not at the time the attachment was made, then certainly at the time an execution is issued, if the plaintiff recovers a judgment in this action. If the court can render a judgment for money damages under the first count of the complaint, it can also proceed against all of these defendants to probe the fraud and determine whether or not the conveyances were in fact fraudulent."

Certainly if the plaintiff does not prevail in her main tort action, her action for fraudulent conveyance, being in a sense ancillary to the main action,

would be moot. The plaintiff will have lost any interest that she now has in the defendants' property. See *Murphy* v. *Dantowitz,* supra, 325–28, for a discussion of the nature of a tort claimant's interest in property allegedly fraudulently conveyed by a defendant. Can a Statute of Limitations run against a tort claimant's action to recover property fraudulently conveyed when the existence of a judgment which is sought to be protected by this action has not yet been established? This court thinks not. For this reason, it holds that where a plaintiff's right to recover property allegedly fraudulently conveyed rests initially on his recovery of a judgment, notwithstanding the fact that he may join both the main action and the action in fraudulent conveyance in the same complaint, no Statute of Limitations can begin to run against him until, at least, judgment is recovered. Whether the statute may begin to run at a later time is not here decided. See note, 76 A.L.R. 864.

This holding effectively renders moot the question whether there is, in fact, a period of limitation applicable to actions to set aside fraudulent conveyances. This question is, however, worthy of comment by way of obiter dictum. A review of the legal encyclopedias indicates that different states have employed a variety of theories in prescribing a certain period of limitation for such actions. The rule has often been stated to be that, in the absence of a statute of limitations expressly contained in the statute against fraudulent conveyances itself, the general statute of limitations applicable to actions for fraud should be applied. A thorough review of annotations, though, reveals as great a number of exceptions to as applications of this general rule. See 37 C.J.S., Fraudulent Conveyances, § 350; 37 Am. Jur. 2d, Fraudulent Conveyances, §§ 193, 194.

Connecticut has no express period of limitation applicable to fraudulent conveyances; however, two very early decisions may be helpful. In *Beach* v. *Catlin*, 4 Day 284, the defendant in an ejectment action brought in 1809 claimed title by a deed given by Nathaniel Brace in 1788. The plaintiff claimed that the deed of 1788 was fraudulent as to creditors of Brace, that he was a creditor of Brace, and that he had acquired title to the land by levy of execution in 1805. The majority held that the fifteen-year period for adverse possession was not applicable to the situation and could not prevent the plaintiff from recovering property fraudulently conveyed as to him. The following language (p. 294), is pertinent here: "As it respects the creditors of Brace, there is no ground to pretend that the statute [concerning possession of land; fifteen years] can operate. The plaintiff had no right of entry before the levy of his execution on the land, and he has brought his action within fifteen years from that period. He had till that time nothing but a right to proceed against Brace till he obtained an execution for his debt, and then to levy it on the land. This right to levy on the land, is not a right of entry, and cannot be within the letter or meaning of the statute; and it is not supposable that the legislature contemplated a right of this description. When a creditor levies on the land, then a right of entry accrues; and at that time the statute [concerning possession of land] begins to run against him." The exact holding in this early case may be somewhat vague. The dissenting opinion expresses (p. 297) this ambiguity: "I confess I should feel some degree of concern to have it considered as settled law, that no length of possession under a fraudulent conveyance will be a bar to the creditors of the grantor; and this to apply as a general rule to all cases, whether there were actual fraud or not." Later, the court in *Sumner* v. *Child,*

2 Conn. 607, 621, explained the earlier decision: "The case, then, of *Beach* v. *Catlin,* can be vindicated on solid principles. The court did not decide, that fifteen years' possession would furnish no evidence to presume a grant, where the case was not within the statute; but that a fraudulent deed rebutted all presumption, that a bona fide one was made at the same time. It may also be added, that a fraudulent conveyance always contains a secret fraudulent trust, which is never protected by a statute of limitations." No later decisions have been found either to overrule or even to approach this issue. These two decisions, read together, seem to indicate, though, that no Statute of Limitations can protect a fraudulent grantee.

The court must caution, finally, that nothing contained in the decision here has changed the rights of a bona fide purchaser from a fraudulent grantor or a fraudulent grantee. See *Trumbull* v. *Hewitt,* 65 Conn. 60, 73; 37 C.J.S., Fraudulent Conveyances, §§ 297–303. Nor has this court spoken of the effect of any possible laches on the part of the plaintiff. The existence of laches is a factual question which will have to be raised after any judgment in the main tort action is recovered. See 37 C.J.S., Fraudulent Conveyances, § 351. This court's holding at this point means only that the plaintiff's action against Ottavio Forlivio, Jr., is not, as a matter of law, barred by any Statute of Limitations.

The motion for judgment on the pleadings is denied.