EINBINDER AND YOUNG, P.C. *v.* SOILTESTING, INC., ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF ANSONIA-MILFORD | FILE No. 001470 |
|---|---|---|

Memorandum filed April 2, 1980

*Leo Vine,* for the plaintiff.

*Daniel D. Skuret,* for the defendants.

KULAWIZ, J. The plaintiff accounting firm had rendered accounting services for the named defendant, Soiltesting, Inc., from September 30, 1972, through May 31, 1974. The plaintiff recovered a judgment against that defendant on August 14, 1975. That judgment remains wholly unsatisfied. On November 28, 1973, the named defendant recorded a deed conveying a certain parcel of real estate to its president and major stockholder, the defendant Robert DeAngelis. On February 9, 1974, the same parcel was conveyed by quitclaim deed from DeAngelis to his wife, the defendant Hazel DeAngelis. The plaintiff alleges that "[s]aid conveyances were made without valuable consideration and with the intent to prevent said being [sic] taken by legal process and for the purpose of defrauding the plaintiff. . . ." The plaintiff filed the present action on August 26, 1977, to have the conveyances set aside and to recover damages.

In their answer filed August 22, 1979, the defendants claimed by way of special defense that the right of action stated in the complaint is barred by the three year statute of limitations. On January 8, 1980, the plaintiff filed the present motion to strike the special defense on the grounds (1) that the three year statute of limitations is not applicable to actions seeking to set aside fraudulent conveyances, and (2) that if the three year statute of limitations is applicable it does not begin to run until the date upon which the plaintiff was granted a judgment and that the present action was brought within three years of that date. The defendants

assert that the statute runs from the date of discovery of the conveyance and that the plaintiff knew of the conveyances when they were made, more than three years prior to the filing of the present action.

The issue presented is whether a three year statute of limitations bars this action to set aside fraudulent conveyances. The court holds that it does not.

The present action is brought pursuant to General Statutes § 52-552, entitled "Fraudulent conveyances, judgments, contracts, when void," which provides: "All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only . . . to whom such debt or duty belongs." Connecticut has no express period of limitation applicable to fraudulent conveyances, and it is unclear whether any statute of limitations applies to actions to set aside such conveyances. See *Carey* v. *Forlivio,* 32 Conn. Sup. 7, 11–12 (interpreting *Beach* v. *Catlin,* 4 Day 284, and *Sumner* v. *Child,* 2 Conn. 607). It is unnecessary, however, for the court to reach this issue.

"The rule has often been stated to be that, in the absence of a statute of limitations expressly contained in the statute against fraudulent conveyances itself, the general statute of limitations applicable to actions for fraud should be applied." *Carey* v. *Forlivio,* supra, 10. In Connecticut, the three year statute of limitations for actions grounded in tort is generally applied to actions for fraud and deception. See General Statutes § 52-577; *Rosenblatt* v. *Berman,* 143 Conn. 31, 39. Neither party

disputes the fact that if any statute of limitations is to apply it is the three year period provided for in General Statutes § 52-577.[1]

Jurisdictions are split over the question of when the statute of limitations begins to run in actions to set aside a fraudulent conveyance. The most common theories are that it runs: (1) from the date the fraudulent act was perpetrated; (2) from the date the fraud was discovered; (3) from the date the fraudulent conveyance was recorded; (4) from the date the creditor's right to enforce the debt accrued; (5) from the date the creditor's claim for debt is reduced to judgment; and (6) from the date the execution is returned unsatisfied. See generally annot., 100 A.L.R.2d 1094. An examination of Connecticut's fraudulent conveyance statute and the cases thereunder leads to the conclusion that the statute of limitations should run from the date the creditor's claim is reduced to judgment. It is clear that under General Statutes § 52-552 and its predecessors only those parties who have reduced their claims to judgment are considered creditors under the statute, i.e., "persons . . . to whom such debt or duty belongs." See *Murphy* v. *Dantowitz*, 142 Conn. 320; *DeFeo* v. *Hindinger*, 98 Conn. 578. It follows, therefore, that no statute of limitations can run against such a party until his claim is reduced to judgment, since he has no cause of action under the statute until judgment is rendered in his favor. In other words, his cause of action to set aside the fraudulent conveyance "accrues" when judgment is rendered. The court in *Carey* v. *Forlivio*, 32 Conn. Sup. 7, reached a similar conclusion. In *Carey* the plaintiff brought an action in negligence for personal injuries. Seven years later the defend-

[1] Although the defendants assert the applicability of a three year period for actions grounded in tort, they incorrectly cite General Statutes § 52-584, which governs the limitations period for negligence actions.

ant was served with an amended complaint adding a count for fraudulent conveyance. The court, noting that this was not a separate action under General Statutes § 52-552, held that although the plaintiff could amend her complaint, the statute of limitations for fraudulent conveyances could not run until her claim was reduced to judgment since it was ancillary to the main action. Id., 10.

A like result is equitable and sensible in the present case. Although the plaintiff may have been aware of the conveyances in late 1973 and early 1974, it could not have taken any action at that time since it had no claim, much less a judgment, against the defendants until the accounting services were completed in May of 1974. If it had asserted a right to set aside the conveyances as fraudulent it would have failed because it could not assert the status of creditor required by § 52-552 and by *DeFeo* v. *Hindinger,* 98 Conn. 578. It was only when it recovered a judgment against the named defendant that it had a right to set aside the conveyances as fraudulent. The defendants cite no case nor any compelling reason to refute this interpretation. The judgment was rendered on August 14, 1975, and this action was commenced on August 26, 1977, which is clearly within the three year limitation period.

Accordingly, the plaintiff's motion to strike the special defense is granted.