The plaintiffs, Linda and Harold Walther, filed an amended three complaint against defendants, Erhardt Chevrolet, Inc., Eric Erhardt and Sidney Berger, on November 20, 1991. The first count of the complaint alleges that on January 13, 1988, Mrs. Walther was caused to slip and fall while on the CT Page 5755 premises of Erhardt Chevrolet, Inc. due to the negligence of the corporate defendant or its agents. In the second count, Mr. Walther alleges a loss of consortium. In the third count, the plaintiffs allege that defendants, Erhardt and Berger, were the officers and directors of Erhardt Chevrolet, Inc. and that they dissolved the corporation on November 15, 1988. The plaintiffs allege that Erhardt and Berger failed to give them notice of the dissolution, and that the individual defendants are personally liable for their injuries under General Statutes, Secs. 33-321 and 33-359. The defendants filed an answer and special defenses on March 16, 1992. The plaintiffs filed a reply to the special defenses on April 29, 1992, thereby closing the pleadings.
On May 22, 1992, defendants, Erhardt and Berger, filed a motion for summary judgment as to the third count on the ground that the plaintiffs are not creditors of the corporation and therefore cannot maintain a claim against them under General Statutes, Secs. 33-321 and 33-359. The defendants' motion is accompanied by a supporting memorandum of law and two exhibits. The plaintiffs have not filed a memorandum in opposition to the motion.
"Practice Book, Sec. 384, provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116
(1990). "The test for granting summary judgment is whether the moving party would be entitled to a directed verdict on the same facts." Wilson v. New Haven, 213 Conn. 277, 279-80, 567 A.2d 829 (1989).
General Statutes, Sec. 33-379 (d) provides, inter alia, that "[a]t any time after the dissolution of a corporation . . . (l) [w]ritten notice shall be sent to all known creditors of the corporation warning them to present their claims." (Emphasis added.) General Statutes, Sec. 33-321 (b)(1) states in relevant part that "Directors who vote for any distribution of assets of a corporation to its shareholders . . . shall be jointly and severally liable to make payment to the corporation to the extent of: (i) claims of creditors existing at the date of such vote . . . ." (Emphasis added.) Similarly, General Statutes, sec. 33-359 provides that "[a]ny shareholder who receives any distribution of assets from a corporation . . . knowing it to be improper shall be liable for the amount so received: (1) To any creditors existing at the time of such distribution. . . ." (Emphasis added.) Thus, it is clear that the central issue raised by this motion is whether a tort claimant who brings CT Page 5756 suit against a corporation after the corporation has been dissolved is a "creditor" of that corporation under the applicable statutes. Since there is no case law precisely on point in Connecticut, it is necessary to turn the analysis to a definition of the word "creditor." Unfortunately, nowhere in Title 33 of the General Statutes is the term defined. Black's Law Dictionary defines "creditor" as "[a] person to whom a debt is owing by another person who is the `debtor,'" "[o]ne who has the right to require the fulfillment of an obligation or contract," or "[o]ne to whom money is due." Black's Law Dictionary, 5th Ed., 1979. Defendants' Exhibit A, a copy of the certificate of dissolution of Erhardt Chevrolet, Inc. clearly indicates that the corporation was dissolved on November 15, 1988. On that date, no debt could have been due and owing to the plaintiffs because this suit was not commenced by service of process until January 12, 1990.
In the context of the fraudulent conveyance statute, General Statutes, Sec. 52-552, courts in this state have consistently held that "only those parties who have reduced their claims to judgment are considered creditors" Einbinder Young, P.C. v. Soiltesting, Inc., 36 Conn. Sup. 277, 280, 418 A.2d 95 (Super.Ct. 1980). See also Travelers Indemnity Co. v. Rubin, 209 Conn. 437,440, 551 A.2d 1220 (1988). At the time of the corporation's dissolution, the plaintiffs' claims had obviously not been reduced to judgment.
Finally, the Court of Chancery of New Jersey, when similarly presented with a claim by an alleged creditor of a corporation, stated that
 "the party who claims to be a creditor, so as to be entitled to institute this action, must, I think, at the time he comes into court with his bill, be a creditor, as distinguished from being merely entitled to become a creditor by the proof of a claim for damages. . . . of course, a man who has a claim for damages for a tort cannot meet that test."
Gallant v. Fashion Piece Dye Works, 174 A. 248, 249 (1934).
From the foregoing, it is apparent that as a matter of law the plaintiffs were not creditors of Erhardt Chevrolet, Inc. at the time the corporation was dissolved. Therefore, they were not entitled to receive notice of the dissolution under General Statutes, Sec. 33-379 (d), and defendants, Erhardt and Berger, may not be held personally liable to them under General Statutes, Secs. 33-321 (b)(1) or 33-359.
Accordingly, the motion for summary judgment as to the third count of the plaintiffs' complaint is granted. CT Page 5757