[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present issue before the court arises from apparent conflicting statute of limitations. The underlying lawsuit concerns, inter alia, an alleged fraudulent conveyance of real property by the defendant, Walter J. Lewis, Jr. In count three of his four-count complaint, the plaintiff alleges that the defendant fraudulently conveyed certain real property he owned in the Town of Westbrook to his daughters, without consideration in order "to prevent such interest from being taken by [the] legal process and with the intent thereby of defrauding the plaintiff and preventing him from securing payment of his indebtedness." Count four of the plaintiff's complaint further alleges that at the time of such conveyance the defendant was insolvent, or he became insolvent as a result of the transfers without consideration.
The complaint alleges that on November 30, 1988, Lewis, by way of two signed promissory notes, promised to pay the plaintiff the sums of $25,000 and $50,000, payable in one year. The plaintiff claims that Lewis, to date, has paid the plaintiff $3,431.86 on the $25,000 note, and nothing on the $50,000 note. The balance of these notes, $71,568.14, is alleged to be due and owing, and continues to accrue interest at 12% per annum. Counts one and two of the plaintiff's complaint, which have not been challenged in the present summary judgment matter, seek payment on the two' notes on a breach of contract theory.
Up until May 31, 1990, the defendant was a co-owner of certain property in the Town of Westbrook, Connecticut. On that date the defendant conveyed his interest in the property to his daughters, Robin Lewis and Lisa Lewis, for a purported consideration of $50,000. The statement of real estate CT Page 9356 conveyance tax dated July 6, 1990, however, reflects that no conveyance tax was paid, evidencing that no consideration was actually received. Moreover, there is evidence that, at the time of the transfer, Lewis's interest in the property was considerably more than the purported $50,000 sale price.
Thereafter, Robin and Lisa Lewis, on July 5, 1990, conveyed their interest in the property to a partnership called Law Realty. The deed recites no consideration paid, and there was apparently no conveyance tax paid.
Based on these facts the plaintiff commenced suit on March 4, 1994, sounding in: (1) breach of contract, seeking payment on the two promissory notes (counts one and two); and (2) tort, regarding the alleged fraudulent conveyance (counts three and four). On June 9, 1994, the defendant moved for summary judgment on counts three and four, asserting that the plaintiff failed to commence the action within the applicable three-year statute of limitations applicable to tort actions in Connecticut. See General Statutes § 52-577. The plaintiff filed a memorandum in opposition to this motion, arguing, inter alia, that the causes of actions in counts three and four are created by statute (General Statutes § 52-552e(a)(1) and § 52-552f(a), respectively) not the common law, and thus are governed the four-year statute of limitations found in General Statutes § 52-552j. Hence, the issue concerning the applicable statute of limitations arises.
Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact, and that the moving party if entitled to judgment as a matter of law. See Scinto v. Stamm, 224 Conn. 524, 530,620 A.2d 99 (1993). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304,309, 407 A.2d 971 (1978). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430,434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. See Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). Furthermore, summary judgment is proper when the statute of limitations has expired. See, e.g., Zapata v. Burns, 207 Conn. 496, 542 A.2d 700
CT Page 9357 (1988).
Statutes of limitations are legislative enactments that "prescribe the periods within which actions may be brought upon certain claims or within which certain rights may be enforced."Bridgeport v. Debek, 210 Conn. 175, 184, 554 A.2d 728 (1989). Statutes of limitations are statutes of repose, and are designed to "(1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reason able degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise." Ecker v. West Hartford,205 Conn. 219, 240, 530 A.2d 1056 (1987). Statutes of limitations generally operate prospectively unless there is an express legislative intent for retroactive application. See 54 C.J.S. Limitations of Actions § 7 (1987).
The plaintiff filed his complaint on March 4, 1994, well over three years from the date the fraudulent conveyance cause of action accrued. The plaintiff failed to cite to a statute in his complaint, but it is apparent that his fraudulent conveyance action was pursuant General Statutes § 52-552 (now repealed in favor of § 52-552a, but in effect in 1990) or common law fraudulent conveyance. During the year 1990, the year of the alleged fraudulent conveyances, this court is of the opinion that, since there was no explicit statute of limitations for setting aside fraudulent conveyances of real property, the statute of limitations was three years pursuant to General Statutes § 52-577,[1]
the residuary statute of limitations provision for torts in the state of Connecticut. See Travellers Indemnity Co.v. Rubin, 209 Conn. 437, 441, 551 A.2d 1220 (1988) (three-year tort statute of limitations of General Statutes § 52-577 applies to common law fraudulent conveyance action); Einbinder Young,P.C. v. Soiltesting Inc., 36 Conn. Sup. 277, 279, 418 A.2d 95
(1980) (in the absence of a statute of limitations expressly contained in a fraudulent conveyancing statute, the general statute of limitations applicable to actions for fraud should be applied); see generally 37 Am.Jur.2d Fraudulent Conveyances
§ 194 (1968) (in the absence of an express limitations provision for a fraudulent conveyance action, the statutes of limitations relating to actions of fraud are deemed applicable to such suits). In 1990 there was no express provision for a fraudulent CT Page 9358 conveyancing action in Connecticut, and therefore the three-year period in General Statutes § 52-577 governs.
The matter is complicated by the fact that in 1991, after the applicable transfers, the legislature repealed General Statutes § 52-552, and adopted the Uniform Fraudulent Transfers Act, General Statutes § 52-552a et seq. This statute, unlike its predecessor § 52-552, explicitly provides a four-year statute of limitations for fraudulent conveyancing actions. See General Statutes § 52-552j(1). This court, however, will not apply this legislation retroactively to govern the transfers at issue. See ChryslerCredit Corp. v. Berman, Superior Court, judicial district of Litchfield, Docket No. 057971 (Pickett, J., June 10, 1993) (holding that § 52-552a does not apply where the transfer occurred prior to the effective date of the Act); Norwalk Twin Towers v.Davidson/Naylor, Superior Court, judicial district of Stamford/Norwalk at Stamford (Lewis, J., October 14, 1993). Statutes are not to be applied retroactively to pending actions unless the legislature clearly expresses the intent that it shall be so applied. City of New Haven v. Public Utilities Commission,165 Conn. 687, 726, 345 A.2d 563 (1974); McNally v. ZoningCommission of the City of Norwalk, 225 Conn. 1, 9, 621 A.2d 279
(1993). No such intent is expressed in General Statutes § 52-552a
et seq. Furthermore, as a general rule, statutes against fraudulent conveyances, although they are to be liberally construed to prevent fraud of creditors, are to operate prospectively, and will not operate retrospectively so as to apply to conveyances made before the statute's enactment. See 37 C.J.S. Fraudulent Conveyances § 5 (1943). The three-year statute of limitations period applicable to fraudulent conveyances made in 1990 is the statute that applies in the present case. The defendant's summary judgment motion on counts three and four of the plaintiff's complaint is hereby granted.
The claim that there is a genuine issue of material fact concerning the issue of the defendant's intent while making the alleged fraudulent conveyances is rendered moot by the above ruling of the court.
J.F. Walsh, J.