[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT NO. 114
On April 15, 1997, the plaintiff, Henry A. Berry, Jr., filed a five count complaint in fraudulent misrepresentation, negligent misrepresentation, negligence, recklessness and civil conspiracy against the defendants, Darlene M. Knight and Michael J. Knight and Co. Counts one through four are directed at the individual defendant while count five is directed at both defendants.
The plaintiff alleges the following facts in his complaint. On April 30, 1990, the defendant, Darlene Knight, while operating a motor vehicle on route 25 in Bridgeport, Connecticut, struck a vehicle being driven by the plaintiff, which was stopped in a line of traffic on route 25. During litigation resulting from the accident, Darling Knight did not fully reveal the extent of her insurance coverage, or that she had a business relationship with Michael J. Knight and Co. The plaintiff alleges that Darlene Knight fraudulently and negligently misrepresented the extent of the available insurance coverage; that she negligently and recklessly caused the plaintiff to suffer personal injuries due to the accident; and, that she and Michael J. Knight and Co. engaged in a civil conspiracy to conceal that Darlene Knight had a relationship with Michael J. Knight and Co. such that Michael J. Knight and Co. may have been liable for the injuries suffered by the plaintiff.
On March 6, 1997, the defendants filed a motion for summary judgment on the plaintiff's complaint on the ground that the CT Page 5984 plaintiff's action is barred by the statute of limitations pursuant to General Statutes § 52-584. The plaintiff filed a memorandum in opposition to the defendants' motion for summary judgment on March 14, 1997.
DISCUSSION
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci,238 Conn. 800, 805, 679 A.2d 945 (1996). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citation omitted; internal quotation marks omitted.) Doty v.Mucci, supra, 805-06.
The defendants contend that the plaintiff's claims are barred by the statute of limitations contained in General Statutes § 52-584.[1] The plaintiff argues that the statute of limitations is not applicable to the claims alleged.
Section 52-584 provides in pertinent part that: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years of from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action at any time before the pleadings in such action have been closed."
However, "[t]he three-year Statute of Limitations, § CT Page 598552-577, is applicable to all tort actions other than those actions carved out of § 52-577 and enumerated in § 52-584 or another section." United Aircraft Corp. v. International Association ofMachinists, 161 Conn. 79, 107, 285 A.2d 330 (1971), cert. denied, 404 U.S. 1016, 90 S.Ct. 674, 30 L.Ed.2d 663 (1972). "In Connecticut, the three year statute of limitations for actions grounded in tort is generally applied to actions for fraud and deception." Einbinder Young, P.C. v. Soiltesting,Inc., 36 Conn. Sup. 277, 279 (Super.Ct. 1980). "Claims based upon fraudulent misrepresentation are governed by the three year statute of limitations of General Statutes § 52-577." Day v.General Electric Credit Corp., 15 Conn. App. 677, 683,546 A.2d 315, cert. denied, 209 Conn. 819, 551 A.2d 755 (1988).
Section 52-584 only applies to actions for negligence, recklessness, and medical malpractice. Therefore, the statute of limitations set by § 52-584 is only applicable to counts three and four of the plaintiff's complaint, in which he alleges negligence and recklessness against Darlene Knight. The plaintiff alleges in his complaint that the accident occurred on April 30, 1990. This action was commenced by service of the complaint upon Darlene Knight on July 4, 1996, as is reflected in the sheriff's return. Therefore, the claims of negligence and recklessness alleged in counts three and four of the plaintiff's complaint were commenced far beyond the two year statute of limitations provided by § 52-584.
Accordingly, the defendants' motion for summary judgment is granted as to counts three and four. However, as § 52-584 is inapplicable to the remaining claims, the defendants' motion for summary judgment is denied as to counts one, two and five.
SKOLNICK, JUDGE.