[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #194 MOTION TO STRIKE SPECIAL DEFENSE #195
The plaintiffs, husband, wife, and their two children, have brought this amended one hundred six count complaint filed on January 2, 1997, against the Borough of Naugatuck, the water pollution control board, and John Pruchnicki, its executive director, (hereinafter "municipal defendants"), Edwin March, Stella March and John Pruchnicki, (hereinafter "individual defendants"), and Raymond Antonacci and Richard Assenza, both partners in the joint venture Hillside Associates, (hereinafter "Hillside"). The plaintiffs, in 1986, contracted with Hillside to construct their home in Naugatuck. The lot on which the home is constructed was purchased by Hillside from the individual defendants in 1985. In January 1994, sewage backed up into the plaintiffs' home, which problem reoccurred in December 1995, and January 1996. In November of 1996 this suit was instituted for CT Page 15950 the losses incurred in the sewer back-up that occurred in January 1996. Summary judgement has been upheld by our Appellate Court as to the individual defendants, but was reversed as to the municipal defendants.[1] The defendants, Antonacci and Assenza, were not parties to the previous motion for summary judgment, and now have' filed answers and special defense claiming the plaintiffs' action is barred by the statute of limitations for contract, oral and written, negligence, intentional tort and fraud.[2] The claims against the defendant Antonacci are Nuisance, Counts 70, 71, and 75, Recklessness, Count 72, Intentional Tort, Count 73, Strict Liability, Count 76, and Fraud and Negligent Misrepresentation, Counts 74 and 77. The claims against Assenza are Breach of Contract, Count 93, Violations of the Connecticut Constitution, Counts 94 and 95, Violation of The United States and Connecticut Statutes, Counts 96 and 106, Nuisance, Counts 97, 93, and 103, Recklessness, Count 99, Intentional Tort, Count 100, Strict Liability, Count 104, and Fraud and Negligent Misrepresentation, Counts 102 and 105. The defendants, Antonacci and Assenza, have brought this Motion for Summary Judgment claiming that the action is time barred as to them under every claim of the plaintiffs. The plaintiffs have brought this Motion to Strike the Special Defenses raised by these defendants.
"Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations." Doty v. Mucci,238 Conn. 800, 806, 679 A.2d 945 (1996). "Where the parties dispute the applicable statute of limitations . . . the court must determine the applicable statute of limitations and the moment this period begins to run against the claim." Engman v.Laschever, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513187 (January 21, 1994, Hennessey, J.). "In Connecticut, the three year statute of limitations for actions grounded in tort is generally applied to actions for fraud and deception." Einbinder Young, P.C. v.Soiltesting, Inc., 36 Conn. Sup. 277, 279, 418 A.2d 95 (1980); see Krondes v. Norwalk Savings Society, 53 Conn. App. 102, 113,728 A.2d 1103 (1999).
The plaintiffs, as stated, allege fraud in Count 74 as to Antonacci and in count 102 as to Assenza. "The essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act on it; and (4) the latter did so act on it to his injury." Barbara Weisman, Trustee v. Kaspar, CT Page 15951233 Conn. 531, 539, 661 A.2d 530 (1995); Kilduff Adams, Inc.,219 Conn. 314, 329, 593 A.2d 478 (1991).
General Statutes § 52-577 provides the three year statute of limitations for tort actions. "Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs. Our Supreme Court stated inFichera v. Mine Hill Corporation, 207 Conn. 204, 212,541 A.2d 472 (1988): In construing our general tort statute of limitations, General Statutes § 52-577, which allows for an action to be brought within three years from the date of the act or omission complained of, we have concluded that the history of that legislative choice of language precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred." (Citations omitted; internal quotations omitted.) S.M.S. TextileMills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 790-91, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). "Unlike the statutes of other jurisdictions which begin to run only after the cause of action has accrued, the Connecticut statutes of limitations for torts commence with the act or omission complained of, which is when the tortious conduct of the defendant occurs and not the date when the plaintiff first sustains damage or first discovers an injury. McDonald v. Haynes Medical Laboratory, 192 Conn. 327,330, 471 A.2d 646 (1984); Prokolkin v. General Motors Corp.,170 Conn. 239, 294-302, 365 A.2d 1180 (1976). . . . As a result of this rule, in some instances, the plaintiff may not sustain damage until after the statute of limitations has run. Fichera v. Mine Hill Corp., supra, 207 Conn. 213; Ecker v. West Hartford, 205 Conn. 219, 241, 530 A.2d 1056 (1987). Although the unavoidable result of construing General Statutes § 52-577 may be harsh because `the plaintiff[s] may very well be foreclosed from any remedy for what might have been an actionable injury . . . [it] is within the General Assembly's constitutional authority to decide when claims for injury are to be brought. Burns v. Hartford Hospital, 192 Conn. 451, 460,472 A.2d 1257 (1984)."(Citations omitted; internal quotation marks omitted.) Deusen v. Dratch, Superior Court, judicial district of Litchfield, Docket No. 068758 (May 7, 1996, Pickett, J.).
General Statutes § 52-577 is tolled if a continuing duty on the part of the alleged tortfeasor exists. Fichera v. MineHill Corp. , supra, 207 Conn. 209. "To support a finding of a CT Page 15952 continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." Id., 209-10. The plaintiffs have not alleged that either Antonacci or Assenza have, or have had, a special relationship with the plaintiffs in order to toll the statute of limitations for fraud.
Alternatively, the statute of limitations can be tolled to "the time when the person entitled to sue thereon first discovers its existence" by pleading fraudulent concealment under General Statutes § 52-595. "[I]t remains, nevertheless, incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 250-51,571 A.2d 116 (1990). The plaintiffs, therefore, have the burden of pleading that the defendant was aware of the facts necessary to establish a cause of action for fraudulent concealment. "To meet this burden, it (is] not sufficient for the plaintiffs to prove merely that it was more likely than not that the defendant had concealed the cause of action. Instead, the plaintiff had to prove fraudulent concealment by the more exacting standard of clear, precise and unequivocal evidence." Bound Brook Associationv. Norwalk, 198 Conn. 660, 665-66, 504 A.2d 1047 (1986). To prove fraudulent concealment the plaintiffs must allege "(1) a defendant's actual awareness, rather than an imputed knowledge, of the facts necessary to establish the plaintiffs cause of action; (2) that the defendant's intentional concealment of these facts from the plaintiffs; and (3) that defendant's intentional concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action." (Citations omitted) Bartone v. Robert L. Day Co.,232 Conn. 527, 533, 656 A.2d 221 (1995) The defense of fraudulent concealment as a means of tolling a statute of limitations must also be affirmatively pleaded. Willow Springs Condominium Assn.,Inc. v. 7th BRT Development Corp. , 245 Conn. 1, 33, 717 A.2d 77
(1998), citing Beckenstein v. Potter Carrier, Inc., CT Page 15953191 Conn. 150, 163, 464 A.2d 18 (1983). The plaintiffs have neither affirmatively pleaded fraudulent concealment nor alleged sufficient facts to meet the burden of proving fraudulent concealment, and therefore, General Statutes § 52-595 will not toll the statute of limitations.
All of the statutes of limitations on every claim, including the fraud claim which is three years, bar the claims against Antonacci and Assenza. The Motion for Summary Judgment is granted and therefore it is unnecessary to rule on the Motion to Strike the Special Defense.
The Motion for Summary Judgment as to the defendants Antonacci and Assenza's is granted.
PELLEGRINO, J